■ JOHN S. MORRIS & CO., INC., Appellant, v. NORTON MEZVINSKY, Respondent.— Order entered September 10, 1965, insofar as it denied plaintiff's motion for summary judgment with respect to the first and second causes of action in the complaint, unanimously modified on the law, and the motion for summary judgment as to those causes of action is granted, with $30 costs and disbursements to plaintiff-appellant. Plaintiff, a commodity brokerage house, with which defendant maintained a commodity margin account sued to recover $21,182.50 which it had paid to settle defendant's trades after defendant had failed to maintain sufficient margin on short sales of soybean and soy meal futures. The first cause of action is for the amount advanced by plaintiff, as a result of defendant's failure to cover his account, to purchase the futures which defendant had sold short. The second cause is predicated on an account stated. The third cause — upon which Special Term granted summary judgment — is upon $13,800 in checks delivered by defendant which were returned for insufficient funds. Defendant has not appealed from the grant of judgment on the third cause. The defense and counterclaims rest upon defendant's contention that he had orally directed his account be closed on the opening of the market on September 11, 1964; that plaintiff failed to do so, and that in waiting until September 16 and 18, 1964, to cover the account, defendant sustained additional losses by virtue of the rising market. As to the account stated cause of action, defendant claims that a settlement was agreed to under threats. Finally, defendant urged that the rules of the Chicago Board of Trade required plaintiff to liquidate the account when the margin became inadequate. Special Term held that the documentary evidence adduced by plaintiff was " not altogether unambiguous, and defendant's explanations thereof, while difficult of belief, are not patently absurd ". Apart from the application of this impermissible standard for determining whether summary judgment should be granted, we hold that the documentary evidence does establish that there is no defense to the first two causes of action and that the counterclaims are sham. The telegrams sent by defendant, asking plaintiff to keep defendant's position intact, negative any claimed oral agreement that the soybean future be covered on September 11. Moreover, failure by defendant to object to statements of his margin account showing a balance due of $21,182.50 and his own communication to plaintiff establish the second cause. Finally, there is no tenable basis to defendant's argument as to the Rules of the Board of Trade. The language of rule 209, relied upon, is permissive and

not mandatory. It gives the broker a power to sell; it does not impose a duty to sell. Hence, there are no bona fide triable issues in this case and plaintiff is entitled to summary judgment. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.